# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**V.**  NO. 4:15-CR-73-12

**SIDNEY AVANT, JR.**

## ORDER REVOKING BOND

This criminal action is before the Court on the petition to revoke Sidney Avant, Jr.'s bond. Doc. #706.

**I**
**Procedural History**

On August 31, 2016, Sidney Avant, Jr., was indicted on charges for obstruction of justice and accessory after the fact related to a drug trafficking conspiracy. Doc. #310. On September 7, 2016, United States Magistrate Judge S. Allan Alexander issued an Order Setting Conditions of Release regarding Avant's pretrial release, which conditions included a $5,000 secured bond and Avant's compliance with all applicable federal, state, and local laws.[1] Doc. #334. The order also required that Avant "report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops." *Id*. at 2. Avant obtained and signed a $5,000 secured Appearance Bond that day.[2] Doc. #335.

On July 21, 2017, Avant pleaded guilty to the charge of obstruction of justice. Doc. #589. Following acceptance of his plea, the Court permitted Avant to remain out of custody under the

---

[1] By signing the order, Avant acknowledged, "I am aware of the conditions of release [and] the penalties and sanctions set forth above." Doc. #334 at 3.

[2] By his signature on the Appearance Bond, Avant agreed to "follow every order of this court … and … that this bond may be forfeited" if he, among other things, failed "to comply with all conditions set forth in the Order Setting Conditions of Release." Doc. #335 at 1. Avant also acknowledged that he was "aware of the conditions of release" and "promise[d] to obey all conditions of release …." Doc. #334 at 3.

same bond pending his sentencing hearing.[3] Doc. #591.

Approximately six months later, on January 23, 2018, a petition to revoke Avant's bond and to issue a warrant for Avant's arrest was filed. Doc. #706. The petition alleges that Avant was arrested on January 12, 2018, in Quitman County for "Felony Disposal of Lien Property" and that Avant failed to report such arrest. *Id.* at 1. The Court issued an arrest warrant the same day. Doc. #707.

On February 9, 2018, the Court, pursuant to notice, convened a hearing on the petition for revocation. Doc. #722. At the hearing, Avant, through counsel, advised he was not contesting the violations but wished to present evidence to rebut the presumption that there is no condition that will ensure his appearance. In that regard, Avant called as his only witness Summer Rowland, his probation officer. *See* Doc. #723. After hearing arguments from the parties, the Court took the petition under advisement.

## II
## Factual Findings

On an unknown date, Avant purchased a truck valued at $3,000. To purchase the truck, Avant signed a promissory note in favor of the vendor. Pursuant to the schedule of payments in the note, the truck was to be paid off in May of 2017. However, Avant failed to make any payments on the note and the truck remained subject to the lien. At some point, Avant sold the truck to a junk yard for $700. No money was paid to the holder of the promissory note.

On January 12, 2018, the Quitman County Sheriff's Department arrested Avant for "Felony Disposal of Lien Property" based on his sale of the truck. On January 17, 2018, while Avant was still in custody, Rowland received a call from the Quitman County Investigations Division informing him of Avant's arrest. Also on January 17, Avant was released from Quitman County's

---
[3] Avant's sentencing hearing is presently set for March 8, 2018.

custody on a $5,000 bond. Rowland "gave the defendant [a] proper amount of time to report the contact" to him, before petitioning this Court on January 23 for Avant's arrest. Rowland then contacted Avant regarding the charges and Avant surrendered himself without incident.

Rowland testified that other than the violations at issue in the petition, Avant has complied with all conditions of release for the approximately sixteen months that he has supervised him. However, Rowland believes that there are no conditions or combination of conditions of release which would ensure the economic safety of the community should Avant be released.

## III
## Standards for Release and Revocation

18 U.S.C. § 3143 governs the standards for release or detention of a defendant pending sentence or appeal. When the relevant standards are met, § 3143(a) directs that a "judicial officer shall order the release of the person in accordance with [18 U.S.C. §] 3142(b) or (c)." In turn, 18 U.S.C. § 3148 governs revocations of release for persons "released under section 3142." Specifically, the statute provides that, as sanctions, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Pursuant to 18 U.S.C. § 3148(b):

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is--
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>   (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the

3

> person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

The Fifth Circuit, citing *United States v. Gotti*, 794 F.2d 773 (2d Cir. 1986), has held "that a district court's finding that a defendant will not abide by any conditions of release may be established by a preponderance of the evidence." *United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990).

This Court has not found a Fifth Circuit case concerning the proper standard for assessing danger under § 3148(b)(2)(A). However, *Gotti*, the Second Circuit case on which the Fifth Circuit relied for assessing the standard under § 3148(b)(2)(B)'s compliance provision, held that the preponderance standard governed both § 3148(b)(2) inquiries. *Gotti*, 794 F.2d at 778. Accordingly, the Court concludes that the preponderance standard also governs the dangerousness inquiry under § 3148(b)(2)(A). Where a rebuttable presumption exists under § 3148(b)(2)(A), "[t]he burden of production, but not the burden of persuasion ... shifts to [the d]efendant to show that this conclusion is not warranted." *United States v. Wilson*, 820 F.Supp. 1031, 1034 (N.D. Tex. 1993). If the defendant satisfies this burden, "the rebuttable presumption ... does not disappear." *Id*. Rather, "the presumption remains as a factor for consideration ...." *Id*.

## IV
### Analysis

Avant does not dispute that he failed to report his contact with law enforcement to his

probation officer[4] or that there is probable cause to believe that he committed a violation of state law. And, there is no dispute that the crime for which Avant was charged – sale of personal property subject to a lien – is a felony which gives rise to the rebuttable presumption "that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b); *see* Miss. Code Ann. § 97-17-75.

In considering whether the presumption of dangerousness has been rebutted, the Court considers the § 3142(g) factors specifically referenced in § 3148. These factors are "the nature and circumstances of the offense charged; the weight of the evidence; the defendant's physical and mental condition; his employment; his ties to the community; his criminal history; and his record of appearing at court proceedings." *United States v. Moreno*, 857 F.3d 723, 726 (5th Cir. 2017).

Avant argues that the economic nature of his charged crime, combined with his general compliance with the conditions of the bond, rebut the presumption of danger and suggest that he will not flee or otherwise violate the conditions of his release. The Court disagrees.

Here, while the offense at issue was non-violent, "[c]ourts have long recognized that 'danger' in the context of § 3148 refers to unlawful conduct, with little distinction between whether the nature of the conduct is economic or physical." *United States v. Wong*, No. 12-645, 2012 WL 5464178, at *4 (D. Haw. 2012) (collecting cases). Additionally, Avant conceded that the offense is supported by enough evidence to at least constitute probable cause. Furthermore, Avant offered no evidence of employment, ties to the community, or his mental or physical condition. While

---

[4] During arguments, Avant argued the possibilities that the Quitman County Sheriff's Department contacted Rowland at Avant's direction or that Avant did not contact Rowland because he knew the Sheriff's Department contacted him. The Government objected to the latter of these contentions on the ground that Avant did not testify to this fact. This objection is sustained. Regardless, there is no contention that either of Avant's argued possible reasons for not contacting Rowland satisfied his responsibilities under his bond.

Avant has an unblemished record of appearing at court proceedings, his criminal history (specifically, here, a plea to obstruction of justice which resulted in two deaths) along with the economic offense charged weighs in favor of a finding of dangerousness. Under these circumstances, the Court concludes that Avant has failed to rebut the presumption of dangerousness. *See Wilson*, 820 F. Supp. at 1034 ("While Defendant's counsel reported that Defendant has family ties, an operating business, and a good record of reporting to the government when required to, this showing does not rebut the presumption that Defendant is a danger to the safety of another person or the community.").

Therefore, the petition for revocation [706] is **GRANTED**. Pursuant to § 3148(a), it is **ORDERED** that Avant's release and bond are revoked and he is **REMANDED** to the custody of the United States Marshal pending sentencing.

**SO ORDERED**, this 9th day of February, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**